UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JODY-ANN CAMPBELL,

                              Plaintiff,

            -against-

COLUMBIA UNIVERSITY SCHOOL OF
PROFESSIONAL STUDIES; COLUMBIA
UNIVERSITY OFFICE OF THE
PRESIDENT,

                              Defendants.

22-CV-8255 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question and diversity jurisdiction. Plaintiff asserts claims arising from her application for a fellowship to attend Columbia University's School of Professional Studies. By order dated September 28, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Jody-Ann Campbell attended Lincoln University in Pennsylvania, and was a member of Alpha Kappa Alpha sorority. (ECF 1 at 11.) In spring 2021, one of Plaintiff's sorority sisters was named a Columbia University "Impact HBCU fellow." (*Id.*) This is a fellowship program to which recent graduates of historically black colleges and universities (HBCU) are eligible to apply.

During Plaintiff's senior year at Lincoln University, she applied for admission to the Negotiation and Conflict Resolution Program in Columbia University's School of Professional

Studies (SPS) and applied for the Columbia University HBCU Fellowship. (*Id.*) Plaintiff's

application was complete and even included an "extra recommendation letter." (*Id.* at 12.) In

March 2022, Plaintiff contacted the fellowship program by email regarding the decision date.

(*Id.*) Plaintiff eventually learned that she was accepted to the SPS program but was not awarded

the HBCU fellowship. She alleges that:

> The decision on the fellowship was reflective of the nuance of not having the
> ability of ***free speech*** and to bow down to the fellowship advisor and have certain
> reverence or respect for the fellowship that was simply ***dishonorable***. They
> wanted to shut me up and deny me my rights and the ability to contribute or
> participate in the fellowship and the activities therein and so that is what they did.
> They believed I couldn't and shouldn't have another option and so they denied me
> my rights.

(*Id.*)

Plaintiff asserts that she "was denied the fellowship because [her] 1st Amendment right to

free speech was violated, due to an abuse of power and pride." (*Id.*)  She also alleges, without

any further elaboration, that she was "discriminated against because [she is] a Jamaican

immigrant." (*Id.*)

Plaintiff contends that the "head of the Impact HBCU Fellowship" engaged in reckless

endangerment because she "read the application and decided that she wanted [Plaintiff] to die."

(*Id.*) Plaintiff provides that, in her essay, she explicitly stated that the only way that she could

afford to attend was if she received a fellowship, and she mentioned that her "parents suffered

from mental health issues that weren't disclosed and could have been hereditary." (*Id.*) Plaintiff

implies that the selection committee, which allowed her to be admitted to the SPS program with

"no way to pay," should have known this would cause her to entertain suicidal thoughts. Due to

Plaintiff's distress, she was unable to attend her commencement at Lincoln University. She

"landed in the emergency room" and, due to a hormonal imbalance, "almost bled to death." (*Id.*

at 13.)

Plaintiff contends that "Dean Eggers [of SPS] neglected to identify and correct a corrupt financial aid office." (*Id.*) Plaintiff notes that the website for SPS indicates that criteria for financial aid includes "academic achievement, professional promise, leadership qualities, financial need, or a combination of these." (*Id.*) Plaintiff has "the most need," yet she "received $0 from the financial aid office" to attend the SPS program. She contends that this is "gros[s] neglect of student finances and need." (*Id.*) Plaintiff emailed Dean Eggers twice: once, three days after she was denied the fellowship, and again in August, when she decided that she "intended to settle." (*Id.*) She also emailed the President and Provost of Columbia University, though she does not describe the content of her email.

Plaintiff brings this suit against Columbia University SPS and "the Office of the President" of Columbia University, seeking "cash compensation totaling $1,000,000," readmission to the Negotiation and Conflict Resolution Program with a scholarship award, a box of cookies and "tall glass of milk" from her admissions counselor, and clarification of the selection criteria for the HBCU Impact fellowship. Plaintiff invokes her rights under the First Amendment to the U.S. Constitution, Title VI of the Civil Rights Act, and the Equal Education Opportunities Act. She also asserts claims arising under state law, including claims for intentional infliction of emotional distress, breach of contract, false advertising, reckless endangerment, and negligence in supervising a "corrupt financial aid office." (*Id.* at 11.)

## DISCUSSION

### A.   First Amendment claim

Plaintiff sues Columbia University SPS and the "Office of the President" of Columbia University, under 42 U.S.C. § 1983, for violating her constitutional rights under the First Amendment. A claim for relief under Section 1983, however, must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42

U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (internal quotation marks omitted).

A private entity's activity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test" ); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The receipt of public funds, or the existence of a regulatory scheme, do not in themselves make a private entity's conduct an action of the State. *See Rendell Baker v. Kahn,* 457 U.S. 830, 840-41 (1982); *Horvath v. Westport Library Ass'n*, 362 F.3d 147, 152 (2d Cir. 2004) (noting that a "predominance of public funding" is not conclusive proof of state action).

Here, in providing higher education, Columbia University SPS and the "Office of the President" of Columbia University are not engaged in state action under any of these three tests. Defendants thus are private parties not subject to suit under Section 1983. The Court therefore dismisses Plaintiff's Section 1983 claims against Defendants for alleged violations of her rights under the First Amendment. Plaintiff should not reassert Section 1983 claims against the Defendant if she files an amended complaint.

**B.     Discrimination based on national origin**

Plaintiff states that the Equal Education Opportunities Act (EEOA) and Title VI of the Civil Rights Act provide the basis for her suit. Plaintiff asserts that she was discriminated against as a "Jamaican immigrant." (ECF 1 at 12.)

1.     Equal Education Opportunities Act

Plaintiff invokes the EEOA, which provides that "[n]o State shall deny equal educational opportunity to an individual on account of his or her race, color, sex, or national origin." 20 U.S.C. § 1703. The EEOA creates a cause of action for the Attorney General of the United States, who may institute a civil action on behalf of an individual protected by the statute, 20 U.S.C. § 1706, and creates a private cause of action for individuals who have been denied an opportunity for equal education, *United States v. City of Yonkers*, 96 F.3d 600 (2d Cir. 1996).The EEOA covers an entity that qualifies as an "educational agency" under 20 U.S.C. § 1720(a).[1]

Defendant Columbia University is not a qualifying educational agency because it is a private institution, rather than a public institution operated by a state or local entity. The EEOA is therefore inapplicable. *See, e.g.*, *Patel v. ECFMG*, No. 21-CV-0546, 2022 WL 1062983, at *6 (E.D. Pa. Apr. 8, 2022) ("Defendant—a private organization—does not fall within the definition of either a local or state educational agency. Thus, the EEOA does not apply to Defendant."); *Wani v. George Fox Univ.*, No. 3:17-CV-01011, 2018 WL 1702962, at *5 (D. Or. Feb. 22, 2018) (dismissing claims under EEOA because "[a]s defendants correctly point out, this statutory

---

[1] "The term 'educational agency' means a local educational agency or a 'State educational agency' as defined by section 801(k) of the Elementary and Secondary Education Act of 1965." 20 U.S.C. § 1720. The Elementary and Secondary Education Act defines "local educational agency" as "a public board of education or other public authority legally constituted within a State," 20 U.S.C. § 7801(30)(A), and "state educational agency" as "the State educational agency in a State in which the State education agency is the sole educational agency for all public schools," id. § 7801(30)(E).

provision makes no mention of private educational institutions"), *R & R adopted*, 2018 WL 1702048 (D. Or. Apr. 5, 2018).

Plaintiff thus fails to state a cognizable claim under the EEOA against Defendants Columbia University SPS and Columbia University "Office of the President" because the EEOA does not govern private entities. Plaintiff's claims against Columbia University under the EEOA thus should not be reasserted if she files an amended complaint.

 2.    Title VI of the Civil Rights Act

Title VI of the Civil Rights Act prohibits intentional discrimination on the ground of race, color, or national origin in "any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim under Title VI, a plaintiff must allege facts showing that (1) the defendant discriminated against her on the basis of her race, color, or national origin; (2) such discrimination was intentional; and (3) such discrimination was a substantial and motivating factor in the defendant's actions. *See Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 531 (S.D.N.Y. 2013) (citing *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001)).

Here, Plaintiff alleges that she was admitted to the SPS program but was not selected for an HBCU fellowship because, among other reasons, she is "a Jamaican immigrant." (ECF 1 at 12.) Plaintiff does not, however, include any facts that could give rise to an inference that intentional discrimination based on her Jamaican national origin factored into Columbia University's decision not to select her for the fellowship. She does not allege, for example, that she provided Columbia University information about her Jamaican national origin, or that Defendants made any mention of it; she also does not plead any facts about the national origin of

others who have applied for or been selected for the HBCU Fellowship.[2] Plaintiff's bare assertion that she was not selected for the fellowship because of her Jamaican national origin, without more, is insufficient to state a claim under Title VI.  The Court will permit Plaintiff to amend her complaint to allege facts suggesting that she was subjected to national origin discrimination.

## C.      State Law Claims

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Plaintiff fails to state a claim under any of the federal statutes she invokes.

Plaintiff asserts, however, that her claims also arise under the Court's diversity jurisdiction, 28 U.S.C. § 1332. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that she and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

A corporation is a citizen of both the State where it is incorporated and of the State where it has its principal state of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Columbia University, which is located in New York, thus is a citizen of the State of New York.

---

[2] Plaintiff also suggests other reasons why she believes was denied the fellowship. She also alleges that she was denied the fellowship because she "did not bow down to the fellowship advisor" or have "reverence or respect for the fellowship" and because the "head of the Impact HBCU Fellowship read [Plaintiff's] application and decided that she wanted [Plaintiff] to die." (ECF 1 at 12.) These explanations are implausible but nevertheless indicate that Plaintiff herself does not view her Jamaican citizenship as necessarily being the basis, or a substantial basis, for the fellowship Committee's selection decisions.

"An individual's citizenship, within the meaning of the diversity statue, is determined by h[er] domicile." *Johnson v. Smithsonian*, 4 Fed. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has h[er] true fixed home and principal establishment, and to which, whenever he is absent, [s]he has the intention of returning." *Linardos*, 157 F.3d at 948. "In general, domicile has two components: (1) physical presence in a state, and (2) the intent to make the state a home." *LoCurto v. LoCurto*, 07-CV-8238, 2008 WL 4410091, at *3 (S.D.N.Y. Sept. 25, 2008). "Residence in a jurisdiction is a necessary, but not sufficient, factor in establishing domicile." *Hatfill v. Foster*, 415 F. Supp. 2d 353, 365 (S.D.N.Y. 2006) (emphasis added). The "law presumes that, once established, a person's state domicile continues until another one is acquired." *Willis v. Westin Hotel Co.*, 651 F. Supp. 598, 602 (1986).

Plaintiff lists an address for herself in Pennsylvania. She alleges that she recently graduated from college and is currently "homeless and squatting with an associate" (*id.* at 2, ¶ 3) in Pennsylvania. It is unclear if Plaintiff is domiciled in Pennsylvania, or if she was domiciled in a different state and is temporarily present in Pennsylvania but has not yet acquired a new domicile. Plaintiff thus does not satisfy her burden of showing that the parties are of diverse citizenship.

Moreover, to satisfy the amount in controversy requirement for diversity jurisdiction, a plaintiff must allege to a "reasonable probability" that her claim is in excess of the statutory jurisdictional amount. *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). The sum claimed by the plaintiff will control if the claim is made in good faith, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938), but it is the Court's duty to dismiss a diversity action where it is "convinced to a legal certainty that the plaintiff cannot

recover an amount in excess of the minimum statutory jurisdictional amount," *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Deutsch v. Hewes Street Realty Corp.*, 359 F.2d 96, 98 (2d Cir. 1966)).

Plaintiff seeks $1 million in damages; it is unclear what portion of that amount represents anticipated punitive damages. The Court notes that, for many claims arising under New York law, a plaintiff is not entitled to recover punitive damages absent "intentional or deliberate wrongdoing, aggravating or outrageous circumstances, fraudulent or evil motive, or conscious act in willful and wanton disregard of another's rights." *Pearlman v. Friedman Alpren & Green*, 300 A.D.2d 203, 204 (2002) (holding that punitive damages were not available for negligence claim).

Because Plaintiff may be able to plead facts sufficient to invoke the Court's diversity jurisdiction, the Court grants Plaintiff leave to replead to include facts showing where she is domiciled and that she is not a citizen of the same state as any defendant, and that the amount in controversy is satisfied.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim of national origin discrimination under Title VI, or to

establish diversity jurisdiction, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.[3]

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards

---

[3] As previously noted, it would be futile for Plaintiff to replead her First Amendment and EEOA claims against Columbia University, and the Court therefore does not grant leave to do so.

set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-8255 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    October 21, 2022
          New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
                          (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)


or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                  Middle Initial        Last Name

_____

Street Address

_____

County, City                          State                Zip Code

_____

Telephone Number                      Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                    Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                    Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                State                    Zip Code

Defendant 4: _____

   First Name                        Last Name

   _____

   Current Job Title (or other identifying information)

   _____

   Current Work Address (or other address where defendant may be served)

   _____

   County, City                        State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
|---|---|---|
| First Name | Middle Initial | Last Name |
| Street Address | | |
| County, City | State | Zip Code |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.